Lenard E. Schwartzer, Esq.
Nevada Bar No. 399
Emelia L. Allen, Esq.
Nevada Bar No. 11898
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV  89146-5308
Telephone:    (702) 228-7590
Facsimile:    (702) 892-0122
E-Mail:        bkfilings@s-mlaw.com
*Proposed Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re:<br><br>CIMMARON SQUARE ROT, LLC,<br>a Nevada Limited Liability Company<br><br>                                         Debtor. | BK-S-10-34253-LBR<br><br>Chapter 11<br><br>**MOTION FOR SUBSTANTIVE CONSOLIDATION**<br><br>Date:   OST Requested<br>Time:  OST Requested |
|---|---|

Cimmaron Square ROT, LLC, a Nevada limited liability company ("CSROT"), Cimmaron Square KG, LLC, a Nevada limited liability company ("CSKG") and Alma GW AZ, LLC., a Nevada Limited Liability Company ("Alma") (collectively, the "Debtors"), by and through their proposed counsel, hereby files this Motion For Substantive Consolidation (the "Motion"). This Motion is made and based upon Fed.R.Bankr. P. 1015, Local Rule 1015, the Points And Authorities set forth herein, the Declaration of Charles Rotkin, filed concurrently herewith and in support hereof, the pleadings on file, and any oral arguments of counsel the Court may entertain at the hearing on the Motion.

As set forth in this Motion, the Debtors seek authority to substantively consolidate the three Chapter 11 case of CSROT, CSKG and Alma because the three Debtors are tenants in common in the ownership of the Cimarron Square, a neighborhood retail center, located within the master planned community of Mountains Edge and in the Southwest portion of the valley (the "Shopping Center").  The Debtors have no assets other than their interest in the Shopping Center.

Motion for Substantive Consolidation

- 1 -

The Debtors have the exactly same creditors. Realistically, the Chapter 11 cases require a single plan of reorganization. The Debtors seek substantive consolidation of their cases to promote the efficient administration of each of these three cases. Debtors further request authorization to utilize one joint debtor-in-possession bank account.

## POINTS AND AUTHORITIES

### Facts

1. CSROT, CSKG and Alma each filed a petition for relief under Chapter 11 of the Bankruptcy Code on December 31, 2010.

2. CSROT is owned by Charles Rotkin and David Rotkin and CSROT's sole asset is a 55% undivided interest in the Shopping Center.

3. CSKG is owned by Kevin Kaveh Golshan and CSKG's sole asset is a 22.5% undivided interest in the Shopping Center.

4. Alma is owned by Geraldine Weber and Alma's sole asset is a 22.5% undivided interest in the Shopping Center.

5. The largest claim against each of the Debtors is the claim of Inland Mortgage Capital Corporation (the "Secured Creditor") which is secured by the Shopping Center.

6. In addition, the only other debts of the Debtors are their obligations to suppliers of goods and services to the Shopping Center and a debt to Blue Diamond Partners, LLC ("Blue Diamond") for management of the Shopping Center and money loaned to the Shopping Center.

7. Blue Diamond manages the Shopping Center with a single bank account to deposit rent and pay expenses. The Debtors do not maintain separate bank accounts. Therefore, Debtors request authorization to maintain one joint debtor-in-possession bank account.

8. Maintaining a single bank accounts will allow the Debtors to keep the operations of the Shopping Center operating seamlessly and will allow for accurate record keeping.

### Memorandum of Law

The authority of a bankruptcy court to order substantive consolidation lies in its general equitable powers under section 105(a) of the Bankruptcy Code. *In re Bonham*, 229 F.3d 750, 763-4 (9th Cir. 2000). Although a bankruptcy court's power of substantive consolidation derives from

its general equity powers as expressed in Section 105, *Id.*, that section merely provides that the court may issue orders necessary to carry out the provisions of the Bankruptcy Code. There is no direct statutory or regulatory authority or prescribed standards for substantive consolidation. Instead, judicially developed standards control whether substantive consolidation should be granted in a given case. Fed.R.Bankr. P. 1015(b) is inapplicable as it only provides for joint administration.

> Substantive consolidation usually results in, inter alia, pooling the assets of, and claims against, the two entities; satisfying liabilities from the resultant common fund; eliminating inter-company claims; and combining the creditors of the two companies for purposes of voting on reorganization plans.

*In re Augie/Restivo Baking Co.*, 860 F.2d 515, 518 (2d Cir. 1988).

The Second Circuit, in *Augie/Restivo*, reduced to two the laundry list of "critical factors" to be considered, namely, "whether creditors dealt with the entities as a single economic unit and did not rely on their separate identity in extending credit… [or] whether the affairs of the debtors are so entangled that consolidation will benefit all creditors." 860 F.2d at 518 (citation omitted). The proponent of substantive consolidation has the burden of proving that one of the two critical factors is present. *Id.* The Second Circuit further affirmed the use of this test in *F.D.I.C. v. Colonial Realty Co.*, 966 F.2d 57 (2d Cir. 1992), noting that analysis of the "two critical factors" set forth in *Augie/Restivo* is necessary "to ensure that consolidation yields benefits offsetting the harm it inflicts on objecting parties." *Id.* at 61, citing *In re Auto-Train Corp.*, 810 F.2d 270, 276 (D.C. Cir. 1987); *see also In re 599 Consumer Electronics, Inc.*, 195 B.R. 244 (S.D.N.Y. 1996).

It appears as if consideration employed in *Augie/Restivo* has emerged as one of the two principal competing methods for determining substantive consolidation. *See Bonham*, 229 F.3d at 766. The Ninth Circuit adopted the *Augie/Restivo* approach as more grounded in substantive consolidation and economic theory. *Id.*

Applying this standard to the present three cases is relatively easy. The first question is "Whether creditors dealt with the entities as a single economic unit?" The answer is "Yes." The Secured Creditor has a single loan to the three Debtors which is secured by the Shopping Center. The trade creditors are owed money for services provided to the Shopping Center and probably

Motion for Substantive Consolidation

- 3 -

have no knowledge of the divided ownership.

The second question is "Whether creditors did not rely on their separate identity in extending credit... [or] whether the affairs of the debtors are so entangled that consolidation will benefit all creditors?" The answer is "Yes." The Secured Creditor made a single loan which is secured by the Shopping Center and owed by all three Debtors. The trade creditors dealt with the Cimarron Square shopping center and did not look to or bill the Debtors separately. Any reorganization will have to deal with the entire Shopping Center not just the undivided interests of each of the Debtors. Treating the three Chapter 11 cases as a single case will simplify the case, will make it more understandable to creditors, and will eliminate duplication of effort. As a practical matter, either all three Debtors will be reorganized or none of them will be reorganized.

In these cases, there are no complications which can hurt creditors. There are no creditors who are only owed money by one of the Debtors and there are no inter-debtor obligations. There will be no economic prejudice to any individual or group of creditors.

Thus, substantive consolidation of these three cases is permissible and in the best interest of the bankruptcy estates, this Court, and all interested parties. Accordingly, the Debtors request that the court maintain one file and one docket for these cases under the case number assigned to *In re Cimmaron Square ROT, LLC* (the first case filed). The Debtors also request that the caption of the cases be modified to reflect substantive consolidation as set forth in **Exhibit "1"** hereto. Further, the Debtors request this Court to allow the Schwartzer & McPherson Law Firm to represent all three Debtors. Finally, Debtors request authorization to utilize one joint debtor-in-possession bank account.

## CONCLUSION

Based upon the foregoing, the Debtors respectfully request that this Motion For Substantive Consolidation be granted and that this Court enter an Order substantially in the form attached hereto as **Exhibit "1,"** providing for the joint administration of the cases of Cimmaron Square ROT, LLC, Cimmaron Square KG, LLC, and Alma GW AZ, LLC, with the lead case being the case of *In re Cimmaron Square ROT, LLC*, BK-S-10-34253-LBR, granting all three Debtors permission to be represented by Schwartzer & McPherson Law Firm, for authorization to

Motion for Substantive Consolidation

- 4 -

1  utilize one joint debtor-in-possession bank account, and for such other and further relief as is just
2  and proper.
3        DATED:    December ____, 2010

                              */s/ signature*

Lenard E. Schwartzer, Esq.
Emelia L. Allen, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV  89146-5308
Proposed Attorneys for
Debtors and Debtors in Possession

# EXHIBIT "1"

Lenard E. Schwartzer, Esq.
Nevada Bar No. 399
Emelia L. Allen, Esq.
Nevada Bar No. 11898
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV  89146-5308
Telephone:     (702) 228-7590
Facsimile:      (702) 892-0122
E-Mail:          bkfilings@s-mlaw.com
*Proposed Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>CIMMARON SQUARE ROT, LLC,<br>                                  Debtor.<br>In re:<br><br>CIMMARON SQUARE KG, LLC,<br>                                  Debtor.<br>In re:<br><br>ALMA GW AZ, LLC,<br>                                  Debtor. | BK-S-10-34253-LBR (Lead)<br>Chapter 11<br><br>(Substantively Consolidated with<br>BK-S-10-34254-MKN;<br>BK-S-10-34255-MKN)<br><br>**ORDER GRANTING MOTION FOR SUBSTANTIVE CONSOLIDATION** |

The Motion For Substantive Consolidation (the "Motion") having come before this court for hearing on _____ pursuant to an order shortening time; Lenard Schwartzer, Esq. of the Schwartzer & McPherson Law Firm appearing on behalf of Cimmaron Square ROT, LLC, Cimmaron Square KG, LLC, and Alma GW AZ, LLC (collectively, the "Debtors"); after considering the pleadings and papers on file, having heard the arguments of counsel and there being no opposition and for good cause, it is

Motion for Substantive Consolidation

- 1 -

**ORDERED** that the Motion is granted, and that the cases of Cimmaron Square ROT, LLC, Cimmaron Square KG, LLC, and Alma GW AZ, LLC, is hereby consolidated with the lead case being the case of *In re Cimmaron Square ROT, LLC*, BK-S-10-34253-LBR; and

**IT IS FURTHER ORDERED** that the three Debtors are hereby authorized to be represented by Schwartzer & McPherson Law Firm; and

**IT IS FURTHER ORDERED** that the Debtors are authorized to utilize one joint debtor-in-possession bank account.

Prepared by:

_____
Lenard E. Schwartzer, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV  89146
*Proposed Attorneys for Debtors*

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

_____  The court has waived the requirement set forth in LR 9021 (b)(1).

  X    No party appeared at the hearing or filed an objection to the motion.

_____  I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

_____  I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

Motion for Substantive Consolidation

- 2 -